IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ELMER PUPO, #76084-004                                                           PETITIONER

VS.                                                      CIVIL ACTION NO. 5:12cv2-DCB-JMR

VANCE LAUGHLIN, WARDEN                                                          RESPONDENT

## REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to Petitioner Elmer Pupo's Petition [1] for *Habeas Corpus* and Memorandum [2] in Support thereof. After considering the Petition and Memorandum in Support, the Response, and all pleadings of the record in conjunction with the applicable law, the Court finds that the Petition should be denied for failure to exhaust administrative remedies.

## STATEMENT OF THE CASE

Pupo is currently incarcerated at the Adams County Correctional Complex [ACCC] located in Natchez, Mississippi, following his conviction for conspiracy to manufacture and possess with intent to deliver more than 100 marijuana plants in violation of 21 U.S.C. § 846; conspiracy to maintain a place to manufacture and distribute marijuana in violation of 21 U.S.C. § 846; conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h). (Ct. R., Doc. 2-1, pp. 2-3.) Pupo is serving a 63-month term of imprisonment. (Ct. R., Doc. 7-1.) In his petition, Pupo claims that he is being deprived of certain statutory benefits enacted by Congress because he is not eligible to participate in the Residential Release Program while incarcerated in a "private" prison. (Ct. R., Doc. 1, p. 3.) Pupo contends that he did not present his claim to prison officials as part of an administrative appeal because there is "not enough time, my release date is June 15, 2013." (*Id.*)

In response, the Warden contends that denial of the application is proper because (1) Pupo

failed to exhaust administrative remedies and (2) his ineligibility for pre-release placement in a residential reentry center does not violate the Administrative Procedure Act or the Fifth Amendment to the United States Constitution and (3) inmates have no liberty interest in Bureau of Prison's [BOP] classification decisions.

## ANALYSIS

A prisoner seeking *habeas* relief pursuant to § 2241 must exhaust all administrative remedies prior to bringing such a petition. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir.1993). To be excused from this exhaustion requirement, the complainant must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. *See Fuller*, 11 F.3d at 62. These exceptions "apply only in extraordinary circumstances, and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (internal citations omitted).

The BOP has established a three-tiered Administrative Remedy Program governing formal review of inmate complaints relating to any aspect of imprisonment. *See* 28 C.F.R. §§ 542.10 *et seq*. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. *Rourke*, 11 F.3d at 49. These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to BOP staff; if not satisfied with the result, he must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate BOP Regional Director. *See* 28 C.F.R. §§ 542.10 *et seq*. The final appeal is to the BOP's Central Office in Washington, D.C., "within 30 calendar days of the date that the Regional Director signed the response." *Id.* at 542.15(a).

Although Pupo claims there is no time to exhaust his remedies due to his impending release

date, this reason does not demonstrate an extraordinary circumstance excusing a failure to exhaust, as the United States Supreme Court has determined that even an inmate who is entitled to immediate release must exhaust his administrative remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 494-5 (1973).

Even if Pupo's failure to exhaust could be excused, his claims lack merit. There is no protected liberty interest under the Fifth Amendment's Due Process Clause in participation in a pre-release RRC placement. In August 2010, Immigration and Customs Enforcement [ICE] lodged an immigration detainer with the Bureau of Prisons [BOP]. (Ct. R., Doc. 7, Exh. 2.) Pupo's custody classification updated to show a Public Safety Factor [PSF] of deportable alien. (*Id*., Exh. 4.) INS detainees are not eligible for the sentence reduction and prisoners with a "deportable alien" public safety factor are not eligible for the community-based portion of the drug-abuse treatment program that is a prerequisite for early release. 28 C.F.R. §§ 550.58(a)(1)(i),550.58(a)(1)(v) and (a)(3)(i); *see also* BOP Program Statement 7310.04. A PSF of alien means that an inmate cannot be designated to a facility with a security classification below "Low" which excludes camp or residential reentry center [RRC] placement for that person. (Ct. R., Doc. 7, Exh. 3.) A RRC is a minimally secure community-based facility in which certain eligible BOP inmates are placed for up to the last year of their terms of imprisonment to facilitate their transition into the community upon completion of their term of imprisonment. (Ct. R., Doc. 7, n. 2.)

Under 18 U.S.C. § 3624(c), the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." This means that the BOP has discretion in making pre-release decisions. Clearly Pupo's alien classification means he is not eligible for pre-release. (Ct. R., Doc.

3

7-4, p. 2); *see Lartey v. U.S. Dep't of Justice,* 790 F. Supp. 130, 133 (W.D. La. 1992).

Any constitutional claims raised by Pupo also fail because 18 U.S.C. § 3621 creates no constitutionally protected liberty interest in early release. *Rublee v. Fleming,* 160 F.3d 213, 214 (5th Cir. 1998); *see also Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998) (early release not a "fundamental right"). A prison inmate has no interest of a constitutional magnitude in either his security classification, his place of confinement, in a specific rehabilitation or education program. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Bulger v. BOP*, 65 F.3d 48, 49 (5th Cir. 1995). In addition, 18 U.S.C. 3624(c) does not create a constitutionally protected liberty interest in a RCC placement. *Creager v. Chapman*, 2010 WL 1062610 *3 (N.D. Tex. 2010.) The Court, therefore, recommends that Pupo's *habeas* petition based on any constitutional right to placement in RCC should be denied.

Further, to the extent Pupo asserts violations of the Administrative Procedures Act [APA], this claim is without merit and should also be denied. The APA provides that a person suffering legal wrong because of an agency's action is entitled to judicial review, unless otherwise precluded by statute. 18 U.S.C. §§ 701, 702. The BOP is authorized to designate the facility where a prisoner will be confined. 18 U.S.C. § 3621(b). Pursuant to 18 U.S.C. § 3625, the BOP's substantive decision regarding a prisoner's designation is not reviewable under the APA. *See, e.g., Fristoe v. Thompson,* 144 F.3d 627, 630–1 (10th Cir. 1998). The BOP's refusal to grant RRC placement and sentence reductions to prisoners with immigration detainers was not an unreasonable interpretation of § 3621 and § 3624(c), which governs pre-release custody. *Id.* at 7. Pupo has not only failed to produce any facts that tend to prove that an administrative challenge to the BOP's decision would be futile or inappropriate, he also has not advanced a constitutionally protected challenge to the BOP's actions and has not advanced a claim under the APA. Accordingly, the Court recommends that Pupo's

petition should be denied as lacking merit.

## CONCLUSION

According to the foregoing analysis, it is the recommendation of this Court that the Petition for Writ of *Habeas Corpus* be denied for failure to exhaust administrative remedies.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than June 12, 2012, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the 29th day of May, 2012.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE